IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**MICHAEL ANTHONY MCKINZIE,**

    **Movant,**

v.                           **Case No. 2:16-cv-06219**
                              **Criminal Case No. 2:95-cr-00021-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant Michael Anthony McKinzie's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody. (ECF No. 175). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding district judge **DENY** Movant's motion, **DISMISS** this civil action, with prejudice, and remove it from the docket of the Court.

**I.**    **Factual and Procedural Background**[1]

On December 4, 1995, Movant was convicted in this court on four counts of drug trafficking charges under 21 U.S.C. §§ 841(a)(1), 846 and was sentenced to 262 months of

---

[1] The citations in this PF&R reference Movant's criminal case: *United States v. McKinzie*, No. 2:95-cr-00021-01 (S.D.W. Va. 1995).

1

imprisonment followed by five years of supervised release. (ECF No. 64). Movant filed a direct appeal, which resulted in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirming his conviction and sentence on October 16, 1996. (ECF No. 81). Movant filed two unsuccessful motions under § 2255 and then twice sought authorization from the Fourth Circuit to file a second or successive § 2255 motion; both motions were denied. (ECF Nos. 104, 116, 121, 130). Nevertheless, Movant filed another § 2255 motion in 2011, which was likewise unsuccessful. (ECF Nos. 151, 152, 157). Undeterred, Movant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). That motion was denied. He subsequently filed a second motion to reduce his sentence in December 2014 based upon a reduction in § 2D1.1 of the United States Sentencing Guidelines (the "Guidelines"). (ECF Nos. 162, 165).

In the course of reviewing the latter § 3582(c)(2) motion, the court noted that Movant had been released from custody on February 20, 2015, which rendered moot his request for a shortened sentence. (ECF No. 173). As a result, the court denied the motion insofar as it sought relief under § 3582(c)(2). However, to the extent that Movant was challenging his characterization as a career offender, the court directed the clerk to open a separate action and docket the matter as a motion under § 2255. (ECF Nos. 173, 174). Consequently, the instant matter was opened and the pending § 2255 motion was filed on Movant's behalf. (ECF No. 175).

In the present § 2255 motion, Movant contends that he should not have been sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines because his 1985 conviction for interstate travel in aid of a racketeering enterprise involving distribution of cocaine base, a violation of 18 U.S.C. § 1952(a)(3), did not qualify as a controlled substance offense. (ECF Nos. 175, 187 at 7-8). Under the guidelines in

effect at the relevant time, a defendant could be subjected to more severe punishment as a "career offender" if the person were convicted of a controlled substance violation or a crime of violence and had two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1 (1995). The term "controlled substance offense" was defined as "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* at § 4B1.2(2). Movant argues that because he only pled guilty to what he describes as a "Travel Count," that conviction should not have counted as a controlled substance offense triggering application of the career offender guidelines. (ECF No. 175 at 2).

In response to the above arguments, the United States contends that Movant's motion should be dismissed for several reasons: (1) it is untimely, (2) Movant has not received authorization from the Fourth Circuit to file a second or successive § 2255 motion, and (3) Movant's predicate conviction is indeed a "controlled substance offense" and qualified him for a career offender sentence enhancement. (ECF No. 187).

## II. Discussion

The law is well-settled that the district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, Movant previously filed several unsuccessful § 2255 motions regarding the criminal conviction and sentence at issue and was twice denied authorization to file a second or successive § 2255 motion. (ECF Nos. 104, 116, 121, 130, 151). Independent research reveals no evidence

that Movant has sought, much less been granted, authorization from the Fourth Circuit to file the present second or successive § 2255 motion. Therefore, the undersigned **FINDS** that this court lacks jurisdiction to consider the motion.

Nevertheless, the court may exercise its authority under 28 U.S.C. § 1631 to recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

28 U.S.C. § 1631. The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Thus, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

For a court of appeals to grant a movant's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

4

>evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Movant does not assert any newly discovered evidence that could prove that he is innocent of the crimes of which he was convicted, nor does he show a new rule of constitutional law that applies to his case and was previously unavailable to him. *Phillips*, 173 F.3d at 610. Consequently, because the petition does not allege a potentially meritorious claim, transfer to the Fourth Circuit is not "in the interest of justice."

Moreover, Movant's action should not be transferred to the Fourth Circuit because it is time-barred. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the motion, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3 or 4 of § 2255(f). The Fourth Circuit denied Movant's direct appeal in October 1996; therefore, Movant's judgment of conviction became final for the purposes of § 2255(f)(1) in January

1997 when the time for filing a petition for a writ of certiorari in the Supreme Court of the United States expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). Movant did not file the instant motion until December 2014. Thus, the motion was very clearly filed almost 17 years after expiration of the one-year limitation period.

Notably, the time periods during which Movant's prior § 2255 motions were pending did not toll the "one-year clock." *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."); *see also United States v. Martin*, No. 3:07-CR-122, 2015 WL 5440734, at *3 n.4 (E.D. Va. Sept. 15, 2015) (collecting cases). Further, a motion for reduction of sentence under 18 U.S.C. § 3582(c) does not affect the one-year period to file a § 2255 motion. *Jackson v. Revell*, 546 F. App'x 194, 195 n.2 (4th Cir. 2013); *Plumley v. United States*, No. 5:09-cv-0677, 2012 WL 2368495, at *2 n.4 (S.D.W. Va. May 7, 2012), *report and recommendation adopted,* 2012 WL 2368489 (S.D.W. Va. June 21, 2012). Therefore, the undersigned **FINDS** that the untimeliness of the motion provides an additional reason as to why transfer to the Fourth Circuit is not "in the interest of justice."

### III.  Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 175), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:**  March 16, 2018

Cheryl A. Eifert
United States Magistrate Judge